IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRED TAYLOR, ) | | |
| ID # 42230-177, ) | | |
| Movant, ) | | |
| vs. ) | | No. 3:11-CR-0023-M (06) |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to an *Order of Referral* dated August 13, 2012, before the Court is Defendant's *Motion to Reduce Sentence, Pursuant to United States Sentencing Guidelines, Amendment 439 (2011 U.S.S.G. from Sentencing Commission for Amendments) and 18 U.S.C. 3582(c)(2)*, filed on August 7, 2012 (doc. 306). Based on the relevant findings and applicable law, the motion should be **DENIED**.

**I.  BACKGROUND**

On March 8, 2011, defendant Fred Taylor ("Taylor") and eight co-defendants were charged by superceding indictment with bank robbery in violation of 18 U.S.C. § 2113(a), (d), and § 2. (doc. 62). On June 21, 2011, Taylor pled guilty as charged pursuant to a plea agreement. (docs. 106, 107). He was sentenced to ninety-six months of imprisonment, followed by a five-year term of supervised release, on September 28, 2011.  (docs. 239, 253). Taylor filed a notice of appeal on March 5, 2012, but his appeal was dismissed as untimely. *See United States v. Taylor*, No. 12-10280 (5th Cir. July 11, 2012). On July 19, 2012, Taylor filed a motion to reduce his sentence based on Amendment 635 to the United States Sentencing Guidelines because of his alleged minor participation in the crime. (doc. 302). On July 31, 2012, this Court recommended that his previous motion be denied. (doc. 305). Taylor has now filed a second motion to reduce his sentencing, asserting that he should be

granted a sentence level reduction under Amendment 439 to the Sentencing Guidelines. (doc. 306).

## II. ANALYSIS

Taylor moves for modification of his sentence under 18 U.S.C. § 3582(c)(2) on grounds that Amendment 439, a 1992 amendment to U.S.S.G. § 1B1.3 that clarified what constitutes relevant conduct, *see United States v. Maserrati*, 1 F.3d 330, 340 (5th Cir. 1993), is applicable to his case and should be applied retroactively. Section 3582(c)(2) provides that a district court may modify a term of imprisonment after it has been imposed where a defendant has been sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Taylor was sentenced in 2011, well after Amendment 439 was enacted. He has not shown that he was sentenced based on a sentencing range that was lowered after he was sentenced.[1] He also argues that the district court erroneously adopted a presentence report (PSR) that computed his offense level, in part, based on participation in a jointly undertaken criminal activity in which a firearm was used. (Mot. at 3-4; PSR ¶ 33; doc. 293 at 9). Contrary to Taylor's argument, he pled guilty to aggravated bank robbery with a deadly weapon, and he signed a factual resume admitting that he and his accomplices committed a bank robbery and that a person was assaulted by th use of a deadly weapon during the robbery. (docs 106, 107). Taylor's motion to reduce his sentence is therefore without merit.

## III. RECOMMENDATION

Taylor's second motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) should be **DENIED**.

---

[1] Even if Taylor had been sentenced before Amendment 439 was enacted, that amendment is not one that can trigger a modification under § 3582(c)(2) because it is not listed in U.S.S.G. § 1B1.10(c) as one that lowers a guideline range. *See United States v. Dratch*, 89 F.3d 216, 217-18 (5th Cir. 1996)

**SIGNED on this 14th day of August, 2012.**

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE